**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 5:22-CR-00089-KKC-MAS-1 |
| ) | |
| **RENALDO VILLA GOMEZ,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**RECOMMENDATION TO ACCEPT GUILTY PLEA**

On referral from District Judge Karen Caldwell, the Court conducted guilty plea proceedings concerning Defendant Theodore A. Thacker. On November 28, 2023, Defendant appeared before the undersigned for proceedings under Rule 11, following Defendant's expressed intent to plead guilty to Counts 1, 2, 4, and 7 of the Superseding Indictment [DE 29], stipulate to the forfeiture allegation of the Indictment, and consent to the forfeiture of the specific property listed in the forfeiture allegation of the Superseding Indictment as well as a Walther P22 pistol, Cal: 22, SN: L081232, seized from 289 Preakness Drive on June 10, 2022.

As established and particularly detailed on the record:

1. After the Court informed Defendant of his right to plead in the presence of a United States District Judge, Defendant personally consented to plea proceedings before a United States Magistrate Judge. Defendant further consented to the Magistrate Judge making a recommendation to the

District Judge regarding whether to accept the plea. The consent occurred orally and in writing and was under oath. [DE 74]. The consent was knowing, voluntary, and intelligent and occurred with counsel's advice. The United States consented to the proceeding.

2. There is a written plea agreement in the record at DE 73. The Court placed Defendant under oath and performed the full colloquy as required by Rule 11. As set forth in the record, after said colloquy, the Court found Defendant competent to plead. Additionally, after advising Defendant of all applicable rights, and assuring Defendant's awareness of the nature of and all potential penalties applicable to the charges at issue, as well as the sentencing process, the Court further found that Defendant pleaded guilty in a knowing, voluntary, and intelligent fashion. Defendant acknowledged that he may be subject to the imposition of a money judgment and restitution payments. Further, an adequate factual basis (from the colloquy) supported the plea as to each essential offense element for the applicable charge. The Court covered all areas and confirmed Defendant's understanding of all matters required in the context by Rule 11, the criminal rules, and the United States Constitution.

3. Further, and particularly based on Defendant's expressed intent to plead guilty, the Court read and discussed the substance Counts 1, 2, 4, and 7 of the Superseding Indictment and directly confirmed that Defendant and

counsel had spent adequate time evaluating options and had sufficient information about the case to permit a complete assessment of strategy.

4. Based on the Court's findings above, the Court **RECOMMENDS** that the District Court **ACCEPT** the guilty plea of Defendant, and **ADJUDGE** him guilty of Counts 1, 2, 4, and 7 of the Superseding Indictment. Based on the stipulation entered into in the plea agreement and at the rearraignment, the Court further **RECOMMENDS** the District Court **ADJUDGE** Defendant's interest Defendant's interest in the property listed in the forfeiture allegation of the Superseding Indictment as well as a Walther P22 pistol, Cal: 22, SN: L081232, seized from 289 Preakness Drive on June 10, 2022, **FORFEITED**.

*Right to Object*

Defendant has the right to object to this Recommendation and to secure de novo review from the District Judge as to any matter to which he specifically objects and seeks review. The parties agreed to an abbreviated objection period. Within **THREE** days after being served with a copy of this Recommendation, a party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make timely objection in the manner described, may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals with respect to the particular decision at issue. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 30th day of November, 2023.

MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY